Before STATE INDUSTRIAL BOARD, Respondent.

JACOB CANTOR, Respondent, *v.* IKE KAPLAN and Another, Appellants.

Third Department, May 8, 1924.

Workmen's compensation — award — base for determining award on account of decreased earning capacity is difference between earning capacity before and after accident — claimant is malingerer — no proof of decreased earning capacity.

The base for determining the amount of an award on account of decreased earning capacity is the difference between the earning capacity of the claimant before and after the accident.

The evidence tends to show that the claimant is malingering, since it appears that for several days after the accident he received more wages than at the time of the accident and then gave up his employment and went to work apparently for the original employer at a less wage than he was receiving at the time of the accident, apparently under an arrangement whereby the employer would receive the same services from the claimant after the accident as before for considerably less wages and the insurance carrier would be required to pay about one-half of claimant's wages. The proof does not show, therefore, a decreased earning capacity on the part of the claimant.

APPEAL by the defendants, Ike Kaplan and another, from an award of the State Industrial Board, made on the 10th day of April, 1923.

*William B. Davis,* for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

PER CURIAM:

Claimant's injuries were received on January 10, 1922. The State Industrial Board found that the average weekly wage of the claimant before the accident was forty-six dollars and fifteen cents. It then awarded claimant twenty dollars a week on account of decreased earning capacity. It was the undisputed evidence that the claimant after the accident received twenty dollars a week. This made a difference in earnings of twenty-six dollars and fifteen cents per week, two-thirds of which is seventeen dollars and forty-three cents rather than the sum which the Board awarded. However, the award is subject to criticism in other respects. In arriving at the conclusion that the claimant's weekly wage had been forty-six dollars and fifteen cents the Industrial Board must have made its calculation on the basis of a daily wage of approximately eight dollars for six days in the week. Yet the claimant himself testified that his wages were eight dollars per day for five working days only. His employer's report showed that his daily wage was six dollars and sixty-six cents for " days per week, 9." Furthermore, there was evidence that the claimant was a malingerer; that he was informed by his employer that he could receive compensation indefinitely; that this assurance was the cause of his malingering. For the space of a few days after the accident the claimant, who was a teamster, received sixty-five dollars per week for doing the same work which he had done prior to the accident at not more than forty dollars or forty-eight dollars a week. He gave up this employment and went to work as a teamster for twenty dollars a week. The claimant said that he " returned to work * * * as a driver of a horse and wagon." It is perhaps inferable from this statement that the claimant went to work for the same employer at twenty dollars a week. The evidence, therefore, suggests a convenient arrangement between the employer and the employee whereby the employer would receive the same services from the claimant after the accident as before, and forever make the insurance carrier pay substantially one-half his wages. We think that it was the duty of the claimant not merely to use all reasonable means to obtain work, but to exert himself to obtain the best possible wages for his services. The evidence shows that he made no such exertion and was entirely complaisant about receiving whatever wage was offered him. The proof does not show, therefore, a decreased earning capacity on the part of claimant. For all

these reasons we think the award should be reversed and the claim remitted to the State Industrial Board for further proof.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs against said Board.