In the Matter of the Claim of CARL C. AHLES, Respondent, *v.* THE VILLAGE OF CATSKILL, N. Y., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, January 14, 1927.

Workmen's compensation — wage-earning capacity — prior to accident claimant, then and now State employee, earned extra money by outside work in which he was employed at time of accident — State department has prohibited outside work — compensation for permanent partial disability is that prescribed by Workmen's Compensation Law, § 15, subd. 3, par. u — salary in State department under existing rule is not necessarily wage-earning capacity.

The claimant, who was, at the time of the accident and is now, a regular employee in a State department, was injured while performing outside employment for the village of Catskill. Since the accident the State department in which he is employed has prohibited outside work by its employees. Claimant's compensation for his permanent partial disability is that prescribed by paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law, which is two-thirds of the difference between his average weekly wages preceding the accident and his present wage-earning capacity. In view of the rule of the department in which the claimant is now employed, it cannot be said that the salary paid to him by the State is the measure of his wage-earning capacity, for some consideration must be given to what he could earn in his present improved physical condition if not prohibited from doing outside work.

APPEAL by the Village of Catskill, N. Y., and another, from an award of the State Industrial Board, made on the 23d day of February, 1926.

*Fitzsimmons, Keefe & Keating* [*William E. Fitzsimmons* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken,* Deputy Attorney-General, of counsel], for the respondents.

PER CURIAM.  The average weekly wages of claimant were computed by adding to his salary in the State service the earnings derived by him from outside employment by the village of Catskill during the year preceding the accident.  Under a former award, affirmed by this court (210 App. Div. 801), his wage-earning capacity after the accident was found to have been diminished by his physical inability to engage in any such outside employment due to his accident.  During the entire period for which the present award has been made claimant has been prohibited from engaging in such outside work by a new rule to that effect issued by the head of the State department in which claimant is employed. Obviously his wage-earning capacity is not presently diminished solely by reason of his injury, but is affected by the rules of his employer.  If he had never suffered any injury his total compensation to-day would be his salary in State service.  The measure of his compensation, however, for his permanent partial disability is that prescribed by the Workmen's Compensation Law, section 15, subdivision 3, paragraph u, which is two-thirds of the difference between his average weekly wages preceding the accident and his present wage-earning capacity.  So long as he remains in such State service under such rules his State salary does not necessarily measure his wage-earning capacity.  Some consideration must be given to what he could earn in his present improved physical condition in the same or other employment, if not prohibited from doing outside work by a rule of his employment.

The award should be reversed and the matter remitted to the State Industrial Board for proper consideration of his wage-earning capacity in accordance with this opinion.

VAN KIRK, Acting P. J., HINMAN, McCANN, DAVIS and WHIT-MYER, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.