■　　In the Matter of the Claim of EARL THOMAS, Respondent, v. KORNBLUM & Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — This is an appeal from a decision of the Workmen's Compensation Board which awarded the claimant the maximum rate for total disability. The proof established that claimant was only partially disabled. The board reached its decision upon the ground that the only type of work which the claimant could do was that of a laborer and his disability prevented him from performing this kind of work. The claimant on November 13, 1958, while working as a laborer, was injured in the course of his employment and it was thereafter found that he was partially disabled as the result of a lumbosacral sprain of the back. At a hearing, the board, as a result of the medical testimony, set his earning capacity

at 66⅔% and awarded him compensation on a partial disability basis of $16 per week and this award was reaffirmed at subsequent hearings. In 1961 the illiterate claimant went to the Rehabilitation Work Shop where he remained for a relatively short time. The record also shows that the claimant earned $40 in one week and other amounts in other weeks during the period of his partial disability. In October, 1961, medically the claimant still had a partial disability and the attempted rehabilitation had been unsuccessful, due primarily to the claimant's aptitude. The Referee increased the benefits to the maximum of $33.33 per week from February 20, 1961, the date that the claimant went to the Rehabilitation Center. The board in its memorandum decision stated: " Medically he is now partially disabled. However, he cannot do any of the work for which his background, training and experience qualifies him. He is a laborer who cannot now do any work that requires bending or lifting. An attempt to rehabilitate him failed." The issue on this appeal is whether a medically partial disability may be treated as total disability where it is alleged the partial disability prevents the claimant from performing the only type of work of which he is capable. Subdivision 5-a of section 15 of the Workmen's Compensation Law provides as follows: " The wage earning capacity of an injured employee in cases of partial disability shall be determined by his actual earnings, provided, however, that if he has no such actual earnings the board may in the interest of justice fix such wage earning capacity as shall be reasonable, but not in excess of seventy-five per centum of his former full time actual earnings, having regard to the nature of his injury and his physical impairment." The Referee made the increased award effective February 20, the date that claimant went to the Vocational Rehabilitation Center but it has been held that participation in a rehabilitation program does not change the rate so far as compensation is concerned. (*Matter of Berenowski* v. *Anchor Window Cleaning Co.*, 221 App. Div. 155.) The board, however, in its decision made no reference to rehabilitation but made its determination based upon the fact that claimant could not do any work for which his background, training and experience qualified him because of his partial disability. There is no provision in the Workmen's Compensation Law for such a determination where the only medical proof is that of partial disability and there is evidence that during such period the claimant did some work and there is no reason given for his failure to continue such work. (*Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522.) Under such circumstances, the board could not find that the claimant had no earning capacity. It may be upon remission that evidence will be produced to show that claimant's earning capacity has been reduced to zero but on this record there is no substantial evidence to sustain the finding of the board. Decision reversed and matter remitted, with costs to the appellants against the Workmen's Compensation Board. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.