Before STATE INDUSTRIAL BOARD, Respondent.

VALENTIN DZINK, Claimant, Respondent, *v.* UNITED STATES RAILROAD ADMINISTRATION, DIRECTOR-GENERAL OF RAILROADS, PENNSYLVANIA RAILROAD COMPANY, Appellant.

Third Department, January 10, 1923.

**Workmen's compensation — partial recovery of claimant — failure to find work — offer of work by employer and refusal by claimant after award made on basis that claimant had no wage-earning capacity does not affect award — wage-earning capacity — degree of recovery does not determine wage-earning capacity — not error to reject cumulative evidence of extent of recovery — claimant should endeavor to find suitable work — failure of employer to furnish suitable work does not entitle claimant to award on basis of no wage-earning capacity.**

An award made on the basis that the claimant had no wage-earning capacity is not affected by a subsequent offer by his employer of a position and his refusal to accept it.

Where it was conceded that the claimant had so far recovered as to be able to do some light work, it was not error to reject cumulative testimony of physicians as to the degree of his recovery.

It is no criterion of wage-earning capacity that the claimant, a workman who had received an injury to his back, has recovered to the extent of seventy-five per cent, since his twenty-five per cent disability in case of such an injury might not make him available for any employment, if he were wholly dependent upon physical labor for a livelihood.

Inasmuch as it was shown that the claimant had partially recovered prior to the award, and that the award was based on the theory that he had no wage-earning capacity, the award should be reversed since the claimant admits that he made no effort to obtain suitable work when he could and should have done so during the last part of the period covered by the award.

It was the duty of the claimant to endeavor to find suitable work, and he cannot claim an award on the basis of no wage-earning capacity on the ground that his employer had failed to furnish him with suitable work; it was claimant's duty to make reasonable effort to find such work by applying not alone to his employer but elsewhere.

APPEAL by the defendant, United States Railroad Administration, Director-General of Railroads, Pennsylvania Railroad Company, from an award of the State Industrial Board, made on the 9th day of March, 1922, and also from a decision of said Board made on the 10th day of May, 1922, affirming said award.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Hinman, J.:

This is a case of the " odd lot " man (*Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522) involving the question of the failure of an injured employee to find work after a partial recovery.

The claimant was a switch tender employed by the Pennsylvania Railroad Company. He injured his back in a serious manner in January, 1920. For ten weeks he was confined in a hospital and for four months thereafter he was compelled to use crutches. Gradually he recovered until he was able to walk without means of support except a stiff detachable corset. His walking gait while slow was without defect. He continued, however, to suffer pain at the seat of his injury, particularly in bad weather.

Awards were paid up to November, 1920. No subsequent award was made until March, 1922, at which time a hearing was had during which it appeared without question that the claimant had sufficiently recovered to be in condition to do light work. According to a medical report filed with the Commission on January 27, 1922, six weeks before the March hearing, he was then in condition to do light work. Physicians who were examined at the March hearing testified that his legs, arms and back were capable of functioning but were lacking in strength. They suggested the work of flagman or light office work or any work of which he was mentally capable which did not require a great deal of lifting. One physician testified that in his opinion the claimant had made a seventy-five per cent recovery; two other physicians were not allowed to answer this question as to the percentage of total recovery. No other evidence bearing upon the claimant's wage-earning capacity appears in the testimony except the claimant's statement that he had not worked at all; that he had not applied anywhere for work because he was not able to do hard work. The referee refused to have the claimant's wage-earning capacity established, saying to employer's counsel: " The first time any effort is made to give him a job that he is able to do his wage-earning capacity will be established."

The claimant was directed to make an earnest search for light work and an award was made for total disability covering November, 1920, to March 5, 1922, the date of the award, the referee holding that the claimant had no wage-earning capacity at that time.

An appeal was taken by the employer from this award and also from an award made in May, 1922, after another hearing, which May award simply confirmed the March award without extending the period and the case was continued. At the May hearing it appeared that a position of crossing watchman had been

offered to the claimant on April 3, 1922, which he did not accept, his objection being that it was night work which he was not able to do and that he would have to cross two tracks which it was dangerous for him to try to do because he was slow on his feet. This job was held open for him for two weeks and then was given to another and at the time of the May hearing the railroad had no other light employment to offer to the claimant.

Since the award appealed from covers a period prior to the date when the offer of a position of crossing watchman was made to the claimant, the award made is unaffected thereby. We think there was no prejudicial error in the refusal to allow the testimony of the two doctors as to what percentage of total recovery the claimant had made at the time of the March award. One physician had been permitted to testify that there was a seventy-five per cent recovery at that time. The testimony of the other doctors was merely cumulative. While the testimony was properly receivable under the liberal rules of evidence in compensation cases, it bears upon simply the physical condition of the claimant without necessarily measuring the wage-earning capacity of one who had suffered such an injury to his back.

The real question to be determined is whether, due to his disability, followed by search for work and failure, and not due to the general slackness of demand for labor, the claimant had no wage-earning capacity during the period for which the award was made. (*Matter of Jordan* v. *Decorative Co., supra.*) As bearing upon that question, it was not prejudicial error in this case to refuse to receive the testimony of the other two physicians since such testimony tended only to prove that he had so far recovered as to be able to do some light work, which was a conceded fact in the case. It was not the criterion of his wage-earning capacity since it is conceivable that a man with an injured back might have a seventy-five per cent of recovery and not be able to obtain in the labor market within twenty-five per cent of his former wages. His twenty-five per cent of disability in the case of such an injury might not make him available for any employment if he were an uneducated and unskilled man, wholly dependent upon physical labor for a livelihood.

We think, however, that there should be a reversal of the award and a reconsideration by the State Industrial Board on the ground that the claimant admits that he made no effort to obtain light work when he could and should have done so during at least the last part of the period covered by the March award. The referee seems to have taken the position at both the March and May hearings that it was the duty of the employer to furnish the claimant with a light job and that if it did not do so the claimant would be

entitled to a continuance of an award upon the basis of no wage-earning capacity. This is an erroneous interpretation of the law. Where a claimant has a partial disability his compensation if due at all must be measured by a prescribed percentage of " the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise." (Workmen's Compensation Law, § 15, subds. 3, 4.)* The statute does not confine the ascertainment of present wage-earning capacity to the ability of the claimant to obtain another employment with the same employer. It is his duty to search for work of the kind for which he is fitted and in that search he must not confine himself to applying only to his previous employer. He must make a reasonable search for employment elsewhere. The referee was in error in assuming that the whole burden was cast upon the employer to furnish employment of the character for which the claimant was fitted.

The award should be reversed and the claim remitted to the State Industrial Board for further consideration, with costs against the State Industrial Board.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HASBROUCK, JJ., concur.

Award reversed and claim remitted to the State Industrial Board for further consideration, with costs against the State Industrial Board.