## THIRD DEPARTMENT, MAY, 1924.

Before STATE INDUSTRIAL BOARD, Respondent.

JOHN BURG, Respondent, *v.* HENRY P. BURGARD COMPANY and Another, Appellants.

*Workmen's compensation — award — seasonal work stopped in November — error to make award covering November to April on account of reduced earnings — average weekly wage should have been determined under Workmen's Compensation Law, § 14, subdivision 3 — no proof that claimant was prevented by injury from working during period of award — award reversed.*

Appeal from an award of the State Industrial Board, made on April 30, 1923.

PER CURIAM: An award has been made to the claimant for the period covering November 11, 1922, to April 30, 1923, at the rate of five dollars and forty-six

---

cents per week on account of reduced earnings. The only fair inference from the testimony is that the employer's work was seasonal in character and was discontinued on November 11, 1922. The average weekly wages of claimant should have been determined under subdivision 3 of section 14 of the Workmen's Compensation Law. No proper foundation was laid for fixing a wage-earning capacity. There is no proof that the claimant was prevented from working during the period covered by the award by reason of his injury. On the contrary, the indication from the record is that his failure to work was due to the slackness of the demand for labor. Moreover, there is no proof that he made any search for work of the character which he was fitted to do and for which his injury did not disqualify him. (*Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522; *Dzink* v. *United States R. R. Administration*, 204 App. Div. 164.) The award should be reversed and the claim remitted to the State Industrial Board for further proof, with costs against the State Industrial Board. All concur. Award reversed, with costs against the State Industrial Board, and matter remitted to said Board.