Before STATE INDUSTRIAL BOARD, Respondent.

W. E. BECKER, Respondent, *v.* GENERAL ELECTRIC COMPANY, Appellant.

Th'rd Department, November 13, 1924.

Workmen's compensation — award — traumatic neurosis — total permanent disability — evidence shows that claimant can do some work though not in his trade as tailor — claimant is bound to seek work suitable to his condition — award on basis of permanent disability is erroneous under Workmen's Compensation Law, § 15.

An award made to the claimant who suffered an injury resulting in traumatic neurosis should not be made on the basis of total permanent disability where it appears that the claimant though not able to work at his trade as a tailor is able to do some work in another or other lines of endeavor.

Under section 15 of the Workmen's Compensation Law, the wage-earning capacity of the claimant is not to be measured by his ability to work at his trade as a tailor but by his ability to perform any work within his power and it is his duty to seek such work as he may perform in his present physical condition.

APPEAL by the defendant, General Electric Company, from an award of the State Industrial Board, made on the 1st day of October, 1923.

*Richmond D. Moot,* for the appellant.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, P. J.:

On November 8, 1918, claimant sustained an injury resulting in traumatic neurosis. On December 12, 1921, an award was made in his favor covering the period from July 20, 1921, to December 12, 1921, which award on appeal to this court was affirmed. (204 App. Div. 850.) The award from which the present appeal is taken is for total disability from December 12, 1921, the date of the former award, to October 1, 1923, and the case was continued for further hearing. The present question is whether the claimant has been totally disabled during the period covered by this last award. On February 19, 1923, a hearing was had at which the claimant and two physicians were examined. One of the physicians was selected by the claimant, the other by the employer. The physicians agreed that he was able to work. On their testimony an award was denied and the case closed. Subsequently the case was reopened and further testimony taken October 1, 1923. Claimant then called a physician who had given testimony before the first award and who had again examined him a

few days before the last-mentioned hearing. This physician and the claimant were the only witnesses then examined. The physician testified that the physical condition of claimant had not improved; that the muscular tremor with which he was afflicted was more exaggerated; that claimant, who is a tailor by occupation, could not sew or cut with his shaking hands. At the same time he testified that claimant could do the work of a " watchman, foreman and various things like that." His testimony was concluded with the following question and answer: " Q. Doctor, in your opinion this man is able to work? A. I just stated, certain classes of work. I found him physically correct from any other standpoint." Claimant cannot follow his vocation of tailor but it fairly appears that he has some earning capacity and he has made no effort to use the capacity which he possesses. He admits that he has not tried to find any work not in the tailoring business. He has done chores around the place where he lives, milked the cows and fed the horses. Nearly every week he has traveled from his residence in Berne, N. Y., to the city of Schenectady. Some times he made the journey with a friend and other times by train or in a public automobile. He has walked part of the way covering a distance of six or seven miles. He states that he formerly attempted to peddle eggs but had to give it up because he dropped them. This egg selling incident was first related by the claimant in his testimony of February 19, 1923, and in his subsequent testimony of October 1, 1923, the day on which the award in question was made, he said that it had occurred a year before. No recent effort prior to the award had been made. The wage-earning capacity of the claimant is not to be measured by his ability to work as a tailor but by his ability to perform any work within his power. (Workmen's Compensation Law, § 15.) " It is his duty to search for work of the kind for which he is fitted and in that search he must not confine himself to applying only to his previous employer. He must make a reasonable search for employment elsewhere." (*Dzink* v. *United States Railroad Administration*, 204 App. Div. 164; *Bello* v. *General Electric Co.*, Id. 613.) In the case last cited the headnote is as follows: " Compensation on the basis of total disability cannot be continued after the claimant is able to do some work, unless the claimant shows that he has been unable to find any work in the same employment or otherwise that he is able to do. * * *." " The statute was not adopted that sloth might be a source of profit." (*Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522.) The testimony discloses that the claimant has not attempted to exercise such power as he possessed of earning a livelihood and for that reason the award may not be sustained.

The award should be reversed and the matter remitted to the State Industrial Board, with costs to the appellant against· such Board to abide the event.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs against said Board to abide the event.