In the Matter of the Claim of Mrs. FRANK VOGLER, Respondent, against ONTARIO KNIFE COMPANY, Employer, and the HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, May 16, 1928.

Workmen's compensation — award — wage-earning capacity — claimant lived in small town and worked in factory — fumes in factory caused injury — claimant is able to work where air is pure — no proof as to wage-earning capacity in other employment — award must be based on evidence of wage-earning capacity (Workmen's Compensation Law, § 15, subd. 3, ¶ u) — matter remitted to take proof of wage-earning capacity.

The claimant suffered an injury resulting in permanent partial disability, while working in her employer's plant cleaning knives in a vat of gasoline. The injury was caused by the fumes and affected the claimant's throat so that she is unable to use her voice to any great extent. She is able to do work in air free from irritating fumes or dust. The claimant lives in a small town wherein the only other factory is a canning factory and she is unable to work in either factory but she is able to do housework.

No evidence was offered as to her actual wage earning capacity in employment otherwise than that in which she was engaged, and since paragraph u of subdivision 3 of section 15 of the Workmen's Compensation Law requires proof of wage earning capacity on which to base an award, the award is reversed and the matter remitted to take proof thereof.

APPEAL by the Hartford Accident and Indemnity Company from an award of the State Industrial Board, made on the 28th day of July, 1927.

*Fred Van Aernam*, for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the State Industrial Board.

HINMAN, J. The State Industrial Board has found that the claimant was injured in the regular course of her employment at her employer's plant while cleaning knife blades in a vat of gasoline in that " she suddenly inhaled and swallowed a large quantity of the gasoline fumes, and as a result, the membrane of her vocal cords and the membrane of her trachea, lungs and bronchial tubes became inflamed, and as a result, acute bronchitis and acute gastritis developed, and as a result claimant suffered from laryngitis and tracheitis, involving the vocal cords." It is the further finding of the Board that during the period of this award the claimant was and still is permanently partially disabled. There is evidence to sustain these findings.

In determining the compensation rate, however, the Board has made this finding: " Claimant's compensation on reduced earnings is hereby made at $\frac{2}{3}$ the difference between the former wage of $3. a day and her wage earning capacity estimated at $1.50 per day, the claimant having a wage earning capacity but unable to market it." We find no proof to sustain this finding as to a wage earning capacity of one dollar and fifty cents a day.

Claimant lives in the village of Franklinville, N. Y. Apparently there were but two factories located in that village, one of which is conducted by her former employer and the other a canning factory. What other opportunities for employment are available to her in that or a neighboring locality do not fully appear. She has made no effort to obtain employment except at the plant of her former employer, which she tried for a few days and says she could not continue because of the gasoline fumes, and at one store in the village where they would not employ her on account of her throat. She says she did not feel it necessary to go to other places because she did not think she could get a position " because they just employ a few girls there and have hired the same girls all the time — they don't need any help." She says further that the canning factory " is too much acid." Outside of this huskiness in her voice which is reduced to a whisper when she is compelled to use it to any extent and her susceptibility to irritating fumes or foreign substances, such as dust in the air, she seems to be in a perfectly normal physical condition. She is a married woman about thirty-five years of age, and during this entire period since her accident has kept house for herself and her husband doing the household work unaided. Her voice has shown no signs of improvement, and there is medical testimony that it probably will not improve. She cannot obtain employment depending upon the use of her voice. Her opportunities for factory work are necessarily limited by the locality in which she lives, and by the atmosphere in which

one with her disabilities could find employment. The statute, however, under which her compensation must be fixed requires the establishment of her wage earning capacity (during the period of the award) " in the same employment *or otherwise.*" (Workmen's Compensation Law, § 15, subd. 3, ¶ u.) If she could not find employment doing the same character of work which she had previously done, it was the duty of the Board to establish her wage earning capacity in other lines of endeavor. (*Becker* v. *General Electric Co.,* 210 App. Div. 495.) Moreover, the extent of her earning capacity must be proved and not fixed arbitrarily. (*Giovanniello* v. *Transit Development Co.,* 212 App. Div. 188; *Payette* v. *White Construction Co.,* 214 id. 842.) Her capacity to earn is not measured by her ability to obtain employment with the same employer (*Dzink* v. *United States Railroad Administration,* 204 App. Div. 164), but by her ability to perform any work which she is fitted to do, and for which her injury does not disqualify her. (*Burg* v. *Burgard Co.,* 209 App. Div. 837.) She must be held to the use of the powers which she has. (*Matter of Jordan* v. *Decorative Co.,* 230 N. Y. 522.) She certainly can do household work. Such work she has been doing for herself and her husband since the accident. At least her earning capacity in that employment in the same or neighboring locality could be determined. Even though she may prefer not to take such employment the payer of the award is entitled to have her earning capacity fixed by what she may earn in that or any other remunerative occupation. No proof has been adduced that she has made a proper search for work of the character she is fitted to do, and for which her injury does not disqualify her. There is no proof whatsoever tending to show what her earning capacity is " in the same employment or otherwise," as commanded by the statute. Her earning capacity has been fixed arbitrarily, and the award cannot stand.

The award should be reversed and the claim remitted for the purpose of taking proof of her earning capacity in accordance with this opinion.

VAN KIRK, P. J., WHITMYER, HILL and HASBROUCK, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.