In the Matter of the Claim of ROMEO SANTO, Respondent, against SYMINGTON MACHINE COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, December 30, 1932.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Dutcher Brothers* [*Henry R. Dutcher* of counsel], for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General*, and *John R. O'Hanlon* of counsel], for the respondent, State Industrial Board.

RHODES, J. On November 17, 1925, claimant sustained an injury. The employer paid compensation up to December 23, 1925, and then gave notice that the claim would be controverted. Numerous hearings were had, during which the extent of claimant's injury was under investigation, and from time to time awards were made to the claimant pending decision as to such disability, which was not classified. Later, the awards now appealed from were made by which it was found that as the result of said injuries claimant has been permanently partially disabled from June 18, 1931, to December 8, 1931. It was further found that prior to the accident claimant's average weekly wage was the sum of thirty dollars and ninety-five cents, and that as the result of such permanent partial disability his wage-earning capacity was reduced to the sum of nineteen dollars and eighty cents per week for the period from June 18, 1931, to October 5, 1931, and to the sum of thirteen dollars and fifty cents per week from October 5, 1931, to December 8, 1931.

The appellants assert that the awards in question are erroneous because based on an unauthorized reclassification. This claim appears to be founded upon a statement contained in a memorandum of decision made by the referee December 6, 1928, in which he

stated: " Testimony of Dr. Scinta shows claimant has partial disability due to the injury of Nov. 17, 1925, covering the period from Dec. 23, 1925, when *temporary total disability ceased* * * *." This statement in the memorandum did not constitute a classification, neither did it establish that a classification had been made previously. Such was neither its purpose nor effect and the record contains no formal decision wherein the disability of the claimant was classified as temporary total. It follows, therefore, that there has been no unauthorized reclassification.

The appellants raise the further objection that the awards do not properly compute claimant's earning capacity. After the accident and in 1926 claimant obtained employment at twenty dollars a week and his earnings were at intervals increased until in July, 1928, they amounted to twenty-four dollars a week. The Board, from time to time, awarded compensation at the rate of four dollars and fifty-eight cents a week, based upon two-thirds of the difference between thirty dollars and ninety-five cents, claimant's earning capacity before his injury, and twenty-four dollars and eight cents, his weekly earning capacity after the accident. Claimant continued in the same job doing the same work, but in July, 1930, his wages were reduced to twenty-one dollars and sixty cents, and later the employer's plant was put on part time and claimant's wages were reduced to nineteen dollars and eighty cents a week, with a subsequent wage cut to thirteen dollars and fifty cents a week. It is conceded that claimant's physical condition remained unchanged and that the wage cuts were the result of general business conditions. Notwithstanding the fact that the decrease in claimant's earning capacity was not caused by increased disability, the Board made the award now before us based upon the difference between his earning capacity of thirty dollars and ninety-five cents before the accident and his actual earnings after the accident. The record indicates that the referee fully understood the question then presented and now before us, but felt compelled by the statute to make the award now in question.

Section 14 of the Workmen's Compensation Law provides in part that " *the average weekly wages* of the injured employee *at the time of the injury* shall be taken as the basis upon which to compute compensation * * *." Subdivision 5-a of section 15 provides in part that " The wage earning capacity of an injured employee in cases of partial disability shall be determined by *his actual earnings* * * *." While this subdivision was adopted after claimant's injuries were received, this court has decided that it is retroactive. (*Fomolo* v. *Oakdale Contracting Co.*, 235 App. Div. 749.)

It is apparent that the Board has followed the method prescribed by the statute in determining the amount of the award.

Section 14, which requires that the average weekly wages at the time of the injury shall be taken as the basis upon which to compute compensation, fails to take into account possible changes and fluctuations in the general condition of the labor market. A claimant who sustains injuries when wages generally are high and who is thus earning a high rate of pay, receives compensation at a disproportionately high rate whenever such compensation continues into a period when there is a general lowering of the scale of wages; conversely, a claimant who sustains injuries when wages generally are low and his earnings are small, receives compensation at a disproportionately low rate if his compensation continues into a period when the general level of the labor market has risen. In the former instance, the employee profits at the expense of the employer; in the latter, the advantage is with the employer to the disadvantage of the employee. Probably such a result was not contemplated by the Legislature, for the Workmen's Compensation Law seeks to achieve an equitable adjustment between employer and employee. However that may be, the formula as to wage rate has been stated in the statute in clear and unmistakable language. If any change is to be brought about, it must be by amendment to the statute. The legislative, not the judicial, function must be invoked.

The appellants further argue that the award should not be sustained because it is claimed that the record contains no evidence to prove that claimant sought more remunerative work elsewhere. They, however, have produced no evidence showing any opportunity on the part of the claimant to earn more, and the record discloses no reason why the Board was not justified in accepting claimant's actual earnings as representing his wage-earning capacity, as required by subdivision 5-a of said section 15.

The award should be affirmed, with costs to the State Industrial Board.

VAN KIRK, P. J., HINMAN, HILL and CRAPSER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.