In the Matter of the Claim of ANDREW SMITH, Respondent, against TONAWANDA PAPER Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 30, 1933.

*Everett F. Warrington [Herbert F. Hastings, Jr., of counsel], for the appellants.*

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin and Hector A. Robichon, Assistant Attorneys-General, of counsel], for the respondents.*

RHODES, J. On January 27, 1930, claimant sustained a fractured patella as the result of an accident while in his regular employment as a switchman getting on a box car. The Board has found that his average weekly wage prior to the accident was twenty-six dollars and forty cents, and that due to said injuries his wage-earning capacity was reduced to the sum of five dollars per week.

The medical testimony indicates that there is little or no restriction in the movement of his knee; that manipulation is painful and that pain and discomfort are occasioned after continued standing; that on September 10, 1930, he was able to do his work as a switchman if no kneeling was required and had a seventy-five per cent earning capacity for all types of work. Later examinations indicate that ordinary walking is not " defective " and it was reported that claimant has an earning capacity and should resume work. At one of the hearings it was stated that he made an effort to get work other than the work of switching, which he was advised not to undertake; that he was able to obtain employment a few hours a day sitting in a news stand, earning five dollars a week, which

was the only work done by him since the accident; that he had attempted to obtain a watchman's job and had visited employment agencies looking for "something easy, light work," but was not able to obtain it.

The attorney for the appellants requested leave to produce medical testimony to show that claimant has a greater earning capacity. Such opportunity was denied upon the ground that such testimony would be immaterial for the reason that claimant's actual earning capacity was five dollars a week after the injuries and that under the statute the Board is compelled to accept his *actual* earnings in determining his reduced earning capacity.

We are thus to consider whether the proffered medical testimony which was excluded was material. Subdivision 5-a of section 15 of the Workmen's Compensation Law is as follows: "Determination of wage earning capacity. The wage earning capacity of an injured employee in cases of partial disability shall be determined by his actual earnings, provided, however, that if he has no such actual earnings the Industrial Board may in the interest of justice fix such wage earning capacity as shall be reasonable, but not in excess of seventy-five per centum of his former full time actual earnings, having due regard to the nature of his injury and his physical impairment."

It will be noted that said subdivision applies to cases of *partial* disability. Thus, in determining the wage-earning capacity, one of the material issues is whether the employee has sustained partial disability. In the case now before us, as in most cases, this question depends upon medical testimony and the opinion of medical experts. Obviously, if there is no disability, there should be no award. The appellants sought to introduce medical testimony to dispute the fact of alleged partial disability. It is true that the question of fact as to the extent of the disability, if any, is to be determined by the Board; nevertheless, the appellants are entitled to present their evidence bearing upon the issue and are entitled to have such evidence considered.

At the same hearing and during the same argument, the member of the Board conducting the hearing said: "The record shows that he has an earning capacity *and the question is how much he has.*" The appellants' attorney argued: "There is no reason according to the doctors why he has not a fair earning capacity, and I do not think that $5.00 a week, working selling newspapers, is an honest effort to establish an earning capacity in accordance with his ability." It was held, however, that the Board was concluded by proof of claimant's actual earnings. Evidence has been introduced in behalf of the claimant showing the efforts he claimed to have

made in endeavoring to find work. Such testimony being in the record presumably because it was deemed material, the appellants clearly were entitled to introduce evidence to negative it.

While the statute is specific that the *actual* earnings of an employee are to be accepted by the Board, there is merit in the contention of the appellants that the earnings must be the result of an honest effort to obtain remunerative employment. The statute provides that if an employee has no actual earnings, the Board may fix " such *wage earning capacity* as shall be *reasonable.*" Where there are actual earnings the elements of reason, good faith and ability to work still should have application. It would be utterly unfair to permit a claimant with an earning capacity, but unwilling to work, to accept an easy employment at a nominal figure if his physical condition rendered it possible for him to obtain suitable and more remunerative employment. Upon this issue the employer and carrier should be permitted to produce facts tending to show that the actual wages received are not the full wages which the employee could reasonably earn. This must be the meaning and intention of the statute relative to *actual* earnings because the purpose of the subdivision is " Determination of *wage earning capacity.*" Thus construed, the excluded evidence was material upon this issue, and its rejection was error.

The award should be reversed and the claim remitted to the Board for further proceedings in accordance with this opinion.

CRAPSER and BLISS, JJ., concur; McNAMEE, J., concurs in the result; HILL, P. J., dissents, with a memorandum.

HILL, P. J. (dissenting). I favor an affirmance of the award. The opinions of several medical witnesses as to the earning capacity of the claimant were before the referee at the time of his decision. On the review of the referee's decision, the presiding member declined to receive further medical testimony. This was a proper exercise of discretion. " Such reviews shall be had and determined upon the evidence and testimony in the record, unless otherwise determined by the Industrial Board." (Rule 13 of the Industrial Board's Rules and Procedure.) The wage-earning capacity of the claimant after the injury was determined as provided by the Workmen's Compensation Law (§ 15, subd. 5-a).

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.