In the Matter of the Claim of SALVATORE AGRELLI, Appellant, against INTER-BOROUGH RAPID TRANSIT Co., Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimant was injured on April 17, 1925. No question is raised as to the adequacy of the compensation paid him since that date except for the period from November 9, 1929, to October 31, 1932. At the time of the accident April 17, 1925, claimant was earning $29.48 per week as an electrical inspector. Between the above dates, November 9, 1929, to October 31, 1932, he earned as a watchman $33.51 per week, which was $4.03 more than he was earning at the time of the injury. Counsel for the claimant-appellant seeks a further allowance in the sum of $8 per week as reduced earnings during this period. In other words, counsel insists that under the pretext of reduced earnings claimant, who was making $29.48 a week at the time of his accident, should be allowed $41.51 during the above period; $33.51, his actual earnings, and $8 per week as reduced earnings. Claimant worked five and one-half days a week, nine hours per day, before the accident and he worked seven days a week after the accident. Subsequently after the rendering of this decision the Legislature amended section 15, subdivision 6, Workmen's Compensation Law, by adding the following limiting words: "but in no event shall compensation when combined with decreased earnings or earning capacity exceed the amount of wages which the employee was receiving at the time the injury occurred." [See Laws of 1937, chap. 86.] Award unanimously affirmed. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of PORTIA GIBSON, Respondent, against GUY POLICAS-TRO, Doing Business as VANDERBILT GARAGE, and ÆTNA LIFE INSURANCE COM-PANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and his insurance carrier from an award of the State Industrial Board in favor of the widow and dependent child of William Mitchell, deceased employee. On March 18, 1936, William Mitchell, the employee, sustained accidental injuries resulting in his death. The sole question presented for review is whether or not the award should be made in favor of Portia Gibson, widow of the deceased, and whether it was proper to order such award paid into the Aggregate Trust Fund pursuant to section 27 of the Workmen's Compensation Law. Claimant and the deceased were duly married and never divorced. Subsequently to the making of this award the widow remarried. At the time the award was made it was made in accordance with the provisions of law. The status of the award having become fixed at that time, was not affected by the subsequent remarriage of the widow. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Claim of WILLIAM LONDO, Respondent, against MACRES BROS., INC., and ÆTNA LIFE INSURANCE COMPANY, Appellants. STATE INDUS-TRIAL BOARD, Respondent.— Claimant, employed by a florist, fell while carrying a vase to the faucet for water. His fall was caused by slipping upon rose leaves on the floor. In the fall to the floor the left side of his head came in contact with a table, causing a contusion. The medical testimony sustains the finding that the head injury and resultant cerebral hemorrhage caused "complete flaccid paralysis." Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.