EASTERN S. S. LINES, Inc., v. MONAHAN, Deputy Commissioner, et al.
No. 3535.

Circuit Court of Appeals, First Circuit.
March 27, 1940.

Nathan W. Thompson, of Portland, Me., for appellant.

Edward J. Harrigan, Asst. U. S. Atty., of Portland, Me. (John D. Clifford, Jr., U. S. Atty., of Portland, Me., on the brief), for appellees.

Before MAGRUDER, Circuit Judge, and SWEENEY and FORD, District Judges.

SWEENEY, District Judge.

This action is before us on appeal from a decree of the United States District Court for the District of Maine. There, the court dismissed a bill in equity which sought to enjoin the enforcement of, and to set aside, a compensation award made under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. §§ 901–950, by the Deputy Commissioner in the case of Peter A. Foley.

Foley was injured in the course of his employment on March 12, 1932. The injury was to his heel, and was a severe one, necessitating continuous treatment from the date of his injury up to the date of the order. Foley made several attempts to resume working for his former employer in lighter jobs than he had previously been accustomed to do, but, in each case, had to quit. The last time that he worked, in June of 1936, his physician ordered him to stop working. He has not worked since, although he made at least one more effort to obtain light work from his former employer. In this, he was not successful.

The Deputy Commissioner on July 30, 1938, found that the man had been temporarily and totally disabled during certain periods set out in his findings, and that he had been totally disabled since June 12, 1936, and that such disability was continuing. He also found that "the claimant is able to perform light work, such as that of a watchman, or running an escalator, or other forms of light work which would not cause any pressure on the injured heel".

This appeal is centered around what is termed to be an inconsistency between the finding of temporary total disability and a finding of ability to do certain light work. The real question is whether the Commissioner's findings are supported by the evidence, and are consistent in all respects. The appellant likens the facts in the present case to those disclosed in Candado Stevedoring Corp. v. Locke, 2 Cir., 63 F.2d 802, and argues that this case falls within the rulings of that case.

In the Candado case, the findings were that the man had a partial disability without earning capacity, and the Commissioner awarded compensation for a total disability. Clearly, the finding of a partial disability, and the awarding of compensation for a total disability was an error. In the instant case, the Deputy Commissioner made a finding of total disability. The contention of the appellant is that this finding cannot be sustained by the evidence, and is inconsistent with the further finding of ability to do certain light work. There is no actual inconsistency between a man being totally disabled for the purposes of the Longshoremen's and Harbor Workers' Compensation Act, and possessing a present ability to do work of a very limited nature. If there is an ability to do work of a limited nature, and that work is available in the community in which the employee resides, and can be secured by him, then a different situation will arise. To follow the line of reasoning suggested by the appellant, namely, that one who can do any type of work is not totally disabled, would preclude a great many of the cases

that are known to be total disability cases from full recovery.

■ Disability is defined in the act as "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment". 33 U.S.C.A. § 902(10). Total disability would seem to exist when there is a complete incapacity to earn wages in the same or any other employment. The use of the words "in the same or any other employment" presupposes a situation where a man can secure employment. This same construction has been given to the Massachusetts Workmen's Compensation Act in Lacione's Case, 227 Mass. 269, at page 271, 116 N.E. 485, at page 486 where the court said: "Inability to obtain work resulting directly from his injury would be an 'incapacity for work' within the meaning of the workmen's compensation act." Later, in, the same case, it refers to a total inability to perform work, or to secure work to do, as determinative of the employee's right to a total loss of wage-earning ability. The degree of disability in any case cannot be measured by physical condition alone, but there must be taken into consideration the injured man's age, his industrial history, his mentality, his education, and the availability of that type of work which he can do.

■ The appellant argues, that Foley has not presented sufficient evidence to the Commissioner to justify the Commissioner's finding that Foley could not find available the light type of work which he could do. It argues strenuously that the burden of showing the unavailability of this type of work rests upon the injured man, and cites, in support of its contention, the Dzink Case, Dzink v. United States Railroad Administration, 204 App.Div. 164, 197 N.Y.S. 665, 667, and Connelly's Case, 122 Me. 289, 119 A. 664. In both of these cases, the court laid down the rule that it was the burden of the employee to show that he had used reasonable efforts to obtain the type of work that he could do. On the record it does not appear to be necessary for us to decide who has the burden of proving the availability or unavailability of the type of work that Foley could do. The Deputy Commissioner found: "That by reason of the unhealed condition of the ulcer on claimant's right heel, the pain that he experiences from the injury, and his inability to obtain work that he is capable of performing, the claimant has been totally disabled since June 12, 1936, and such disability is continuing." This finding of "inability to obtain work" necessarily implies a finding that Foley had made reasonable efforts to obtain the type of work that he could do. The real question before us seems to be whether or not there was substantial evidence before the Deputy Commissioner to sustain the finding.

■ Reviewing all of the evidence in this case, we see that the Commissioner, in formulating his findings, had before him not only the evidence of the physician who treated the man, but had a history showing a willing worker, about sixty-six years of age at the time of his accident, who had gone only through the fourth grade of the grammer schools, who had worked continuously for over thirty-five years for the appellant, who had made several efforts to continue employment with the appellant after his injury, that a physician in 1936 had ordered him to cease work, and had continued treatments of his heel beyond that date in an effort to bring about better results than he had been able to obtain before that, that the employee later attempted to secure further work from the appellant of a type which the appellant had, and was refused. All of this evidence supports the Deputy Commissioner's finding of total disability. If the appellant had knowledge of the availability of work which this man could do, but which he refused to do, or even to seek, it should have produced such evidence before the Commissioner to controvert the evidence to a contrary effect.

Foley was found totally disabled by reason. of: (1) The unhealed condition of an ulcer on the heel; (2) the pain which he experienced from his injury; (3) his inability to obtain work which he was capable of performing. The evidence supported all of these findings, and, consequently, the action of the District Court, dismissing the bill in equity, was correct.

The decree of the District Court is affirmed.