In the Matter of the Claim of FRED MATISE, Appellant, against MUNRO WATERPROOFING Co., et al., Respondents.

STATE INDUSTRIAL BOARD, Respondent.

Argued October 18, 1944; decided November 30, 1944.

*Frank A. Rossini* for appellant. Since claimant was concededly partially disabled during the period of the award, and there is no finding or evidence of bad faith on his part or refusal to accept work offered, his earning capacity is his actual earnings. (*Matter of Santo* v. *Symington Machine Co.*, 237 App. Div. 242, 262 N. Y. 653; *Matter of Smith* v. *Tonawanda Paper Co., Inc.*, 238 App. Div. 690; *Matter of Sammis* v. *Queens Borough Gas & Electric Co.*, 257 App. Div. 58.)

*William B. Davis* and *E. C. Sherwood* for Munro Waterproofing Co., and another, respondents. I. The Industrial Board correctly determined the claimant's reduced wage earning capacity for the period covered by the award. II. The Industrial Board was not, under the circumstances of this case, bound to find that the claimant's earning capacity was the sum he was actually earning during the period covered by the award. (*Matter of Smith* v. *Tonawanda Paper Co.*, 238 App. Div. 690; *Matter of Sammis* v. *Queens Borough Gas & Elec. Co.*, 257 App. Div. 58.)

RIPPEY, J. Upon sufficient evidence, the State Industrial Board found on September 18, 1943, that claimant received accidental injuries on August 5, 1940, which arose out of and in the course of his employment, all of which injuries were permanent and equivalent to a one-sixth permanent loss of the use of the left arm, and that the disability therefrom was total until May 27, 1941, and thereafter partial to December 16, 1942, the date of the last hearing. It was further found by the Board that from such injuries and their resultant consequences and effects his wage earning capacity for such period of permanent partial disability was reduced to 50% of his former full time earnings which entitled him to a compensation weekly rate of $17.95 based on a payroll report showing average earnings of $53.85 per week during the year prior to the accident. The Board made an award accordingly and continued the case on the Referee's calendar for further consideration. The decision of the Board has been unanimously affirmed.

The finding as to claimant's 50% reduced earning capacity was based exclusively, according to the Board, upon " medical evidence ". The shortened record on appeal seems to contain no such evidence. However, for the purpose of our decision, we assume, without further consideration, that there was evidence from physicians from which the Board might draw an inference to that effect.

During the period of permanent partial disability, actual earnings were $17.00 per week. Claimant urges that his wage earning capacity should have been determined by his actual earnings and not by a theoretical rate of possible earning capacity based upon inferences from such " medical

evidence " or otherwise. Had his contention been sustained by the Board, as it was by the Referee, his compensation rate should have been fixed at $24.56 per week, which was two-thirds of the difference between his *actual weekly earnings* during the period of the award and his average weekly earnings during the year preceding the accident.

When the disability is partial in character but permanent in quality, the statute provides that the compensation during the period of disability shall be 66⅔% of the difference between the claimant's average weekly wages and his *wage earning* capacity thereafter in the same employment or otherwise (Workmen's Compensation Law, § 15, subd. 3, par. [v]). In construing that provision, this court pointed out in *Matter of Jordan* v. *Decorative Co.* (230 N. Y. 522, 526) that cases where the award is measured by the difference between wages and capacity (Workmen's Compensation Law, § 15, subds. 3 and 4) should not be confused with cases " where the act prescribes a fixed and certain limit, irrespective of the tendency of the individual to rise above or fall below it (Workmen's Compensation Law, sec. 15, subds. 1, 2, 3) ".

It was there held that in the former class of cases, evidence of actual earnings during the period of disability was not the sole admissible evidence of " wage earning capacity " and a similar holding was also made in *Becker* v. *General Electric Co.* (210 App. Div. 495) and *Matter of Vogler* v. *Ontario Knife Co.* (223 App. Div. 550). There was then no fixed legislative rule by which the compensation rate must be fixed by the Board in cases of permanent partial disability compensable under that provision of the statute or limitation upon the amount to be awarded except that found in that subdivision of section 15 and in subdivision 6. Those sections are still in effect but in 1930 (L. 1930, ch. 316, § 2, in effect July 1, 1930) the Legislature added subdivision 5-a to section 15 which first established a rule by which " wage earning capacity " must be determined in cases where there was permanent partial disability and the amount of compensation to be awarded was not otherwise definitely fixed, in these words: " The wage earning capacity of an injured employee in cases of partial disability shall be determined by his actual earnings, provided, however, that if he has no such actual earnings the industrial board may in the interest

of justice fix such wage earning capacity as shall be reasonable, but not in excess of seventy-five per centum of his former full time actual earnings, having due regard to the nature of his injury and his physical impairment ".

Since the addition to the statute, where claimant has no actual earnings the Board may still take and consider evidence of capacity and fix a reasonable compensation rate if not in excess of 75% of the former full time actual earnings of the injured employee (*Matter of Sammis* v. *Queens Borough Gas & Elec. Co.*, 257 App. Div. 58). But where actual earnings during the period of the disability are established, wage earning capacity must be determined exclusively by the actual earnings of the injured employee without evidence of capacity to earn more or less during such disability period, as part of the formula by which the compensation rate is determined (*Matter of Santo* v. *Symington Machine Co.*, 237 App. Div. 242; *Matter of Smith* v. *Tonawanda Paper Co., Inc.*, 238 App. Div. 690; *Matter of Dalberth* v. *Iuppa & Battle Co.*, 262 N. Y. 537).

It appears that before the accident, claimant had worked for the Munro Waterproofing Company for twelve or thirteen years. Sometime after the accident he tried to resume work at his old job. His uncontradicted testimony was that he was unable to work in the same employment as before the accident and that he sought and secured the best job otherwise and the highest wages that his disabled condition after the injury would permit. There was no claim, evidence or finding that he had been offered suitable work at higher wages and had refused it or that he could secure or carry on any other work or that any other job at which he would be able to work with safety to himself and others with higher wages was available.

The order of the Appellate Division should be reversed and the determination of the State Industrial Board annulled, and the matter remitted to the State Industrial Board for an award in accordance with the decision of the Referee, with costs to the claimant in all courts.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Ordered accordingly.