In the Matter of the Claim of JAMES KALEVAS, Respondent, *v.* J. H. WILLIAMS & Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 28, 1966.

*Phillips, Lytle, Yorkey, Letchworth, Hitchcock & Blaine* (*Peter B. Schreier* and *Solon J. Stone* of counsel), for the Fidelity & Casualty Company of New York, appellant.

*Albert P. Thill* for Liberty Mutual Insurance Company and another, appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Tiernan & Borowiec* for claimant-respondent.

REYNOLDS, J. This is an appeal by the employer and its carrier from a decision of the Workmen's Compensation Board awarding claimant benefits for the period March 23 to December 9, 1964.

There is no dispute that claimant became disabled on July 11, 1962 as a result of a dermatitis condition of both hands or that such disability continued during the period here involved. Nor is it questioned that during said period claimant did not co-operate in partaking of a State rehabilitation program offered to him. Thus the sole question raised here is claimant's right to continued disability benefits during a period when he refused to undergo rehabilitation.

There would appear to be no New York law, statute or case decision, directly controlling. At most the Workmen's Compensation Law provides that an insurance carrier may maintain rehabilitation bureaus operated by qualified physicians (Workmen's Compensation Law, § 13-j, subd. [1]), and that an employer or carrier, in the presence of the employee's physician, may recommend rehabilitation or provide information concerning it (Workmen's Compensation Law, § 13-a, subd. [6]). The State's program of vocational rehabilitation is available to any handicapped person 14 years of age and older (Education Law, § 1003). Furthermore, while an employee being rehabilitated under the direction of the State Education Department may receive additional compensation at a stated rate necessary for his rehabilitation (Workmen's Compensation Law, § 15, subd. 9), an employee unable to work because he is engaged in such a program may not receive compensation for a total disability if he is otherwise only partially disabled (*Matter of Thomas* v. *Kornblum & Co.*, 17 A D 2d 889; *Matter of Berenowski* v. *Anchor Window Cleaning Co.*, 221 App. Div. 155). Nor is there any established pattern among those few other jurisdictions which have passed on this issue (see N. J. Stat. Ann., § 34:15-12, subd. [b]; *Clark* v. *American Can Co.*, 4 N. J. 527; *Murray* v. *Industrial Comm.*, 87 Ariz. 190; *Turner* v. *Neeb Kearney & Co.*, 139 So. 2d 3 [La. App.]; *Cox* v. *Workmen's Compensation Comr.*, 146 S. E. 2d 577 [W. Va.]; *Osterlund* v. *State*, 135 Conn. 498).

Appellants seek to establish their position on the grounds that claimant is required to mitigate his damages by doing everything in his power to obtain work including participation in a rehabilitation program and that failure to do so precludes an award of benefits. In support thereof are advanced a line of cases to the effect that a claimant must accept work which he is capable of doing when it is offered (*Matter of Jordan* v.

*Decorative Co.*, 230 N. Y. 522) and must' seek employment suitable to his physical condition (*Matter of Dzink* v. *United States R. R. Administration*, 204 App. Div. 164; *Matter of Bello* v. *General Elec. Co.*, 204 App. Div. 613; *Matter of Becker* v. *General Elec. Co.*, 210 App. Div. 495) and at best possible wages (*Matter of Cantor* v. *Kaplan*, 209 App. Div. 338). Also offered as analogous are cases which hold that claimant may not unreasonably refuse to undergo an operation that is not attended with danger to life or health and which is recommended according to unanimous medical opinion in the case (*Matter of Palloni* v. *Brooklyn-Manhattan Tr. Corp.*, 215 App. Div. 634; *Matter of Peasley* v. *Wendling Iron Works*, 277 App. Div. 622). These cases, however, are not as analogous as they might first seem for in both above instances such rules are necessary to enable the board and the courts to ascertain the extent of a claimant's disability and loss of wage-earning capacity under section 15 of the Workmen's Compensation Law whereas here disability is established and current earnings and current wage-earning capacity can be computed without reference to the rehabilitation program.

In the final analysis while there is considerable logic in requiring a claimant for compensation benefits to do all in his power to support himself, submission to rehabilitation is not necessary to meet present statutory conditions for an award and workmen's compensation is, despite concededly a considerable number of decisional rules, essentially statutory law. The Legislature has clearly not required submission to rehabilitation as a condition for an award — all of its pronouncements with import to rehabilitation having established purely voluntary procedures — and we see advanced, considering the general scheme and tenor of the Workmen's Compensation Law, no reason for judicial adoption of such a requirement.

The decision should be affirmed.

GIBSON, P. J., HERLIHY and STALEY, JR., JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.