In the Matter of the Claim of LILLIAN SAVINO, Respondent, v. S. A. POLLACK et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

STALEY, JR., J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed January 29, 1968, which made an award for 10 days' intermittent lost time. Claimant, Lillian Savino, contracted mercury poisoning while employed as a dental assistant. Occupational disease and causal relationship were established on June 23, 1965, and an award was made for total disability for the period from October 7, 1964 to September 18, 1965. On June 24, 1966 an award was made for 21 days of intermittent lost time between October 13, 1965 and June 23, 1966. On January 31, 1967 the board affirmed this decision and no further appeal was taken. On June 21, 1967 a hearing was held on claimant's claim for 10 days of intermittent time lost between June 23, 1966 and April 1, 1967. At this hearing claimant testified that she ordinarily worked five days a week; that Wednesday was her regular day off; and that the days she lost were made up by working on Wednesdays at another office of her employer. This testimony was confirmed by her employer. The employer's statement of wage earnings, however, indicates that claimant came in on days off to "make up for some lost time". This statement also indicates that the most claimant worked in any one week was five and one-half days, and then only for seven weeks during this period for a total of three and one-half days overtime. The board affirmed the Referee's decision and award for 10 days of intermittent lost time. Appellants concede that the lost time is attributable to claimant's occupational disease and respondent concedes that claimant has never been classified as having a permanent partial disability. The award here was made for reduced earnings due to a partial disability and appellants contend that under section 15 of the Workmen's Compensation Law, claimant is not entitled to compensation. Subdivision 5 of section 15 provides that " In case of temporary partial disability resulting in decrease of earning capacity, the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the accident and his wage earning capacity after the accident in the same or another employment." Subdivision 5-a of this section provides that the " wage earning capacity of an injured employee in cases of partial disability shall be determined by his actual earnings " and subdivision 6 of this same section provides that " In no event shall compensation when combined with decreased earnings or earning capacity exceed the amount of wages which the employee was receiving at the time the injury occurred." Thus, " where actual earnings during the period of the disability are established, wage earning capacity must be determined exclusively by the actual earnings of the injured employee without evidence of capacity to earn more or less during such disability period, as part of the formula by which the compensation rate is determined. (*Matter of Santo* v. *Symington Machine Co.*, 237 App. Div. 242; *Matter of Smith* v. *Tonawanda Paper Co., Inc.*, 238 App. Div. 690; *Matter of Dalberth* v. *Iuppa & Battle Co.*, 262 N. Y. 537.) " (*Matter of Matise* v. *Munro Waterproofing Co.*, 293 N. Y. 496, 500.) Claimant's salary before the injury was established at $125 per week, and her actual earnings during the period of disability were established at $125 per week, thus fixing her earning capacity at $125 per week Since the award made to claimant, when combined with her earning capacity, would exceed the amount of the wages which the claimant was receiving at the time of the injury, the award cannot be sustained. (*Matter of Agrelli* v. *Interborough R. T. Co.*, 255 App. Div. 731.) The reliance of the respondent on *Matter of Matin* v. *Pullman Co.* (4 A D 2d 730, mot. for lv. to app. den. 4 N Y 2d 673), is not well founded. In that case the award was made for total disability on the days claimant was unable to work, and not for decreased earnings or earning capacity due to a partial disability. Decision reversed and claim dismissed, with costs to appel-

lants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.