## (February 24, 1970)

In the Matter of the Claim of ANN MANGIANELI, Respondent, v. NEW YORK STATE BROOKLYN STATE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GREENBLOTT, J. Appeal from a decision of the Workmen's Compensation Board, filed March 6, 1969, awarding claimant disability benefits apportioned between two accidents sustained in the course of her employment. The sole issue on appeal is whether the board properly applied subdivision 2 of section 14 of the Workmen's Compensation Law in determining claimant's average weekly wage. Respondent had been employed by appellant hospital since June, 1959 as a head nurse, in which capacity she worked full time until 1964 when she limited herself to a three-day work week in order to care for her mother. She sustained occupational accidents in 1965 and 1967 for which the board made the award presently challenged on appeal. The board determined that claimant's absences from her customary five-day week "were not voluntary, but tantamount to sick leave absences due to circumstances beyond her control" and applied subdivision 2 of section 14 to reach an average weekly wage of $127.40. Subdivision 2 of section 14 of the Workmen's Compensation Law provides that a claimant's average weekly wage shall consist of "three hundred times the average daily wage or salary" in the case of a six-day worker, and "two hundred and sixty times the average daily wage or salary" for a five-day worker. Its applicability is clearly limited to employees who are five or six day a week workers at the time of the disabling accident (see *Matter of Smith* v. *Casey*, 23 A D 2d 923) and its application would be manifestly unfair where claimant has worked less than five or six days a week for substantially an entire year (see *Matter of Prentice* v. *New York State Rys.*, 181 App. Div. 144). Respondent's status as a five-day worker ter-

minated in 1964 when she decided to work a part-time, three-day week. Her decision was a deliberate decision "to limit the time [she] would work and thus curtail the amount [she] would earn" (*Matter of Lally* v. *Driscoll Co.,* 242 App. Div. 304, 305) and under these circumstances an award under subdivision 2 of section 14 would be improper. Since an award under subdivision 2 of section 14 is neither reasonable nor fair, the board should have applied subdivision 3 of section 14. Upon remand, the board must give due consideration to the extent to which respondent voluntarily limited her employment in determining her earning capacity (*Matter of Derion* v. *Gilford Mfg. Co.,* 282 App. Div. 788). Decision reversed, with costs against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J.