### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  November 6, 2014                517853
_____

In the Matter of the Claim of
    PATRICIA E. GIOIA, Now
    Known as PATRICIA E. WITT,
                        Respondent,
        v

CATTARAUGUS COUNTY NURSING                 MEMORANDUM AND ORDER
    HOME et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  October 9, 2014

Before:  Stein, J.P., Garry, Rose, Lynch and Devine, JJ.

                    _____


        Hamberger & Weiss, Buffalo (Prudence Philbin of counsel),
for appellants.

        Connors & Ferris, LLP, Buffalo (Jason J. Zack of counsel),
for Patricia E. Witt, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Donya Fernandez of counsel), for Workers' Compensation Board,
respondent.

                    _____


Stein, J.P.

        Appeal from a decision of the Workers' Compensation Board,
filed February 8, 2013, which, among other things, calculated
claimant's reduced earnings award.

Claimant injured her back in the course of her employment as a nurse's aide and has an established workers' compensation claim based upon that injury. In 2011, claimant filed a request for further action to address the issues of reduced earnings, permanency of her disability and wage expectancy. A physician who conducted an independent medical examination for the employer concluded that claimant has a moderate, permanent partial disability. Following a hearing, a Workers' Compensation Law Judge determined that she had a permanent partial disability and calculated her weekly compensation rate — i.e., two thirds of the difference between what her average weekly wage would be absent injury and her current wage-earning capacity (see Workers' Compensation Law § 15 [3] [w]), as measured by her degree of disability. Upon claimant's application for review, the Workers' Compensation Board increased claimant's degree of disability and concluded that her wage loss benefits should be based upon her actual reduced earnings from the delicatessen where she now works, as opposed to her degree of disability, and adjusted her weekly awards accordingly. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) appeal.

"[B]efore awarding wage replacement benefits in a nonschedule permanent partial disability case," the Board must determine "whether a claimant has maintained a sufficient attachment to the labor market" (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012] [internal quotation marks and citation omitted]) — i.e., that the claimant's "reduced earning capacity is due to the disability, not . . . factors unrelated to the disability" (id. [internal quotation marks and citations omitted]), such as "'age, [or] general economic conditions'" (Burns v Varriale, 9 NY3d 207, 216 [2007], quoting Matter of Meisner v United Parcel Serv., 243 AD2d 128, 130 [1998], lv dismissed 93 NY2d 848 [1999], lv denied 94 NY2d 757 [1999]). Once it is determined that a claimant's reduced earning capacity remains involuntary and related to his or her permanent partial disability, "[t]he wage earning capacity of an injured employee . . . shall be determined by his [or her] actual earnings" while disabled (Workers' Compensation Law § 15 [5-a]; see Burns v Varriale, 9 NY3d at 216-217). In that regard, the Court of Appeals has repeatedly explained that, for claimants who

have demonstrated that they remained attached to the labor market, "where actual earnings during the period of the disability are established, wage earning capacity must be determined exclusively by the actual earnings of the injured employee without evidence of capacity to earn more or less during such disability period" (Matter of Matise v Munro Waterproofing Co., 293 NY 496, 500 [1944]; accord Burns v Varriale, 9 NY3d at 217; Matter of Croce v Ford Motor Co., 307 NY 125, 130 [1954]).

The employer argues here that the Board should have considered evidence of claimant's ability to earn more and awarded her benefits "consistent with her determined loss of wage earning capacity/degree of disability." This is precisely what the cases of the Court of Appeals forbid, and we reject the employer's contrary interpretation of relevant case law. "[E]vidence of capacity to earn more or less" (Matter of Matise v Munro Waterproofing Co., 293 NY at 500), which cannot be considered, includes medical evidence of the claimant's degree of disability (see id. at 498-499). The Board noted claimant's undisputed testimony regarding her employer's accommodation of her medical restrictions, her extensive search for additional work and her doctor's instruction that she limit herself to part-time work. After concluding that claimant had not voluntarily withdrawn from the labor market, the Board correctly determined that claimant's award should be based on her actual earnings as long as she remained attached to the labor market, and calculated her award on that basis. Inasmuch as the Board's determination in that regard is supported by substantial evidence, we decline to disturb it (see Matter of Meisner v United Parcel Serv., 243 AD2d at 130-131; cf. Matter of Korczyk v City of Albany, 264 AD2d 908, 910 [1999]).

Garry, Rose, Lynch and Devine, JJ., concur.

ORDERED that the decision is affirmed, with costs to claimant.

ENTER:

Robert D. Mayberger
Clerk of the Court