In the Matter of the Claim of HARRY B. BLOCK, Respondent, against READY-FROELICH, INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.*

Third Department, January 16, 1934.

* Appeal dismissed, 264 N. Y. 618.

*Saulsbury & D'Auria [Irvin A. Snyder* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin* and *John R. O'Hanlon, Assistant Attorneys-General,* of counsel], for the respondent State Industrial Board.

*B. J. O'Rourke,* for the claimant, respondent.

HILL, P. J.   The evidence will sustain some award for reduced earnings on account of partial disability of the claimant, a salesman who was injured on June 8, 1929.   The amount of his compensation both before and after the accident was fixed by way of commissions on the sales made by him.   The record indicates that the difference between his earnings in 1929 prior to the accident and those after is due partly to a business depression through which this country and the world is now passing.   The Board gave no consideration to this element.   " Failure to find work is, indeed, no ground for compensation if the failure has its origin in general business conditions, the slackness of the demand for labor."   (*Matter of Jordan* v. *Decorative Co.*, 230 N. Y. 522, 525.)   If failure to find work because of general business conditions will not sustain compensation, reduction of earnings because of general business conditions will not sustain compensation, and in so far as general business conditions reduced the earning capacity of this claimant, he has suffered with all other workers and may not be compensated therefor.   The matter should be remitted to the Industrial Board to fix the amount of his loss of earnings occasioned solely by physical disability.

The awards should be reversed, with costs against the State Industrial Board to abide the event, and the matter should be remitted.

McNAMEE, BLISS and HEFFERNAN, JJ.; concur; RHODES, J., dissents and votes to affirm.

Awards reversed and claim remitted, with costs against the State Industrial Board to abide the event.