In the Matter of the Claim of MIKE E. MIKNO, Respondent, against ENDICOTT JOHNSON CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant has had awards for reduced earnings from January 11, 1949, to July 13, 1949, which are challenged by the employer on this appeal on the ground that the reduction in earnings during that period was not due to claimant's injury, but due to work conditions affecting the entire factory and all coworkers. Claimant was injured July 18, 1945. His average weekly wage was then $48.53. He was paid compensation during total disability and when he was able to work only part time. The employer assigned claimant to lighter work, and the time arrived when his earnings equalled or

exceeded his average weekly wage prior to the accident, and this situation continued so long as there was work available. According to the State medical examiner, claimant still has a "small partial disability". Eventually, because of changed economic conditions, claimant and all his co-workers worked shorter hours and had reduced earnings. A portion of the award here involved is for a period when the entire factory was closed down. There is no evidence that claimant's earnings were reduced because of his injury or physical condition. The evidence is to the contrary. Reduction of earnings because of business conditions will not sustain compensation. (*Matter of Block* v. *Ready-Froelich, Inc.,* 240 App. Div. 9, appeal dismissed 264 N. Y. 618). We do not regard subdivision 5-a of section 15 of the Workmen's Compensation Law or *Matter of Matise* v. *Monro Waterproofing Co.* (293 N. Y. 496) as mandating that actual earnings are the exclusive basis for determining earning capacity under all circumstances and regardless of the cause of reduced earnings. The statute must be reasonably construed in the light of the purpose of compensation. Award reversed on the law and the matter remitted to the Workmen's Compensation Board for the purpose of determining the reduction in earnings, if any, sustained by claimant solely by reason of his accident and injury, with costs to appellant against the Workmen's Compensation Board. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.