In the Matter of the Claim of LOUIS S. CROCE, Appellant, against FORD MOTOR COMPANY, Respondent.
WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 2, 1953.

*Walter A. Kirkpatrick, J. Harry Tiernan, Jr.,* and *Joseph W. Kirkpatrick* for appellant.

*Benedict T. Mangano* for Ford Motor Company, respondent.

*Nathaniel L. Goldstein, Attorney-General,* for Workmen's Compensation Board, respondent.

*Per Curiam.* Appeal by claimant from a decision and award of the Workmen's Compensation Board for reduced earnings due to an industrial accident.

Claimant was employed as a wet sander by the Ford Motor Company at Buffalo, New York. He became totally disabled as the result of an occupational disease from July 19, 1950, to July 31, 1950, and thereafter he was partially disabled. During the period of his partial disability from July 31, 1950, to April 9, 1951, he worked for the same company at earnings which were generally less than his former average weekly wage. However the plant at Buffalo was not in operation for one or two days in each of some eight weeks during that period because of a strike in Detroit which stopped production in the Buffalo plant. Obviously these stoppages had nothing to do with claimant's partial disability.

In computing reduced earning rates the fact that the Buffalo plant was closed on certain days was taken into consideration by the board. Claimant was charged with wages he would have received if the plant had not been closed during those days. A daily rate of pay amounting to $12.20 was added to his earnings for each day the plant was closed.

Appellant argues that this method of computation was in direct violation of subdivision 5-a of section 15 of the Workmen's Compensation Law. This subdivision provides: " The wage earning capacity of an injured employee in cases of partial disability shall be determined by his actual earnings, provided, however, that if he has no such actual earnings the board may in the interest of justice fix such wage earning capacity as shall be reasonable, but not in excess of seventy-five per centum of his former full time actual earnings, having due regard to the nature of his injury and his physical impairment ".

Manifestly this subdivision cannot be construed literally and inflexibly in all cases. The whole intent and purpose of the Workmen's Compensation Act is to provide compensation lost or impaired by reason of industrial accidents. Reduction of earnings because of economic conditions is not an element to be considered in fixing an award (*Matter of Mikno* v. *Endicott Johnson Corp.*, 278 App. Div. 598). Quite evidently the Legislature intended that the term " actual earnings " should be related to ordinary full time employment, whatever that may be, otherwise an employer would be charged with consequences which had nothing to do with an industrial accident.

The award should be affirmed.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision and award affirmed, without costs.