In the Matter of the Claim of RALPH S. TISKO, Respondent, v. GENERAL ANILINE & FILM CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by General Aniline & Film Corporation, a self-insured employer, from a decision of the Workmen's Compensation Board which affirmed a Referee's decision making permanent a temporary reduced earning rate of $20 from May 19, 1964 to September 8, 1964, awarding the claimant actual reduced earnings for the period of September 8, 1964 to March 28, 1965, and directing continued payments at a temporary reduced earnings rate of $20 after March 28, 1965. On April 9, 1963, the claimant, a blending and transporting operator employed by the appellant at Binghamton, New York, became disabled from an occupational disease in the nature of myalgia and myositis of the chest. He stopped working on that day on the advice of his physician that he remove himself from the cold, wet environment that was the cause of his condition. Five months prior to April 9, 1963, the claimant advised the appellant that he could no longer work in a cold, damp environment, and asked for another job. The only other jobs offered him were in the same type of environment. He thereafter sought other employment, and in May of 1964 was employed by the Susquehanna Valley Central School as a bus driver and commenced work in September, 1964, and since then has been working as a bus driver at reduced earnings. Some time after November, 1964, the appellant offered the claimant employment with an eight-week probationary period. The claimant rejected the offer because he would be considered a new employee, would be probationary, and would not regain his 15-year seniority status, and was not offered his previous year's vacation pay. The appellant has stipulated on this appeal that it is

questioning only the propriety of the awards made to claimant for the period subsequent to January, 1965. The appellant contends that the claimant is not entitled to a reduced earnings award from and after January, 1965, since he accepted seasonal employment as a school bus driver involving shorter work hours, and lower wage opportunities, and refused to accept employment offered him by the appellant. It is also contended that there is no substantial evidence in the record to support the determination of the board that claimant rejected the appellant's job offer because it would involve the same conditions of cold, dampness and wetness against which his doctors had advised him. The appellant also contends that the matter should be remitted to the Referee to permit further development of the record with regard to working conditions involved in the job it offered the claimant. Subdivision 5 of section 15 of the Workmen's Compensation Law provides: "In case of temporary partial disability resulting in decrease of earning capacity, the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the accident and his wage earning capacity after the accident in the same or other employment". The wage-earning capacity in a partial disability case is determined by the injured employee's actual earnings and, in the event he has no actual earnings, the board may fix such wage-earning capacity as shall be reasonable having due regard to the nature of his injury and his physical impairment. (Workmen's Compensation Law, § 15, subd. 5-a.) The elements of good faith, reason and ability to work continue to have application where there are actual earnings, and the employer is permitted to produce facts tending to show that the actual wages received are not the full wages which the employee could reasonably earn. (*Matter of Smith* v. *Tonawanda Paper Co.*, 238 App. Div. 690, 692; *Matter of Sammis* v. *Queens Borough Gas & Elec. Co.*, 257 App. Div. 58, 61.) "Quite evidently the Legislature intended the term 'actual earnings' should be related to ordinary full time employment, whatever that may be, otherwise an employer would be charged with consequences which had nothing to do with an industrial accident." (*Matter of Croce* v. *Ford Motor Co.*, 282 App. Div. 290, 292.) The appellant, however, has produced no evidence showing any opportunity on the part of the claimant to earn more, other than the job offer which it made, which it candidly admits was not fully developed on the hearings in regard to working conditions. There is no evidence in the record that claimant had not sought suitable work at higher wages, or that any other job at higher wages was available at which he would be able to work with safety to himself. The issue relative to working conditions with respect to the job offers by the appellant was not raised before the board for review or otherwise and may not be considered here. (*Matter of Simpson* v. *Clover Express*, 22 A D 2d 714; *Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973; *Matter of Galvez* v. *Gold Coast Enterprises*, 23 A D 2d 600.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy and Reynolds, JJ., concur with Staley, Jr., J.