In the Matter of the Claim of JOSEPH BULLOCK, Respondent, against WICKWIRE SPENCER STEEL COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.*

Third Department, November 14, 1945.

---

*Frank C. Roberts,* attorney *(Clyde M. Williams* of counsel), for appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* and *Lester D. Volk, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board, respondent.

BREWSTER, J.   Claimant sustained compensable injuries in September, 1930, and was totally disabled to about June 1st, following, when he resumed employment but since then he has been permanently partially disabled.   After the last-named date the employer and carrier paid awards made to him for compensation on account of reduced earnings until August 22, 1942.   There were no other awards nor was other compensation paid, until January 28, 1944, when the award appealed from was made.   The cause for the cessation was that, during the interim, claimant's earnings exceeded their pertinent weekly average as of the time of his accident.

The award in question amounts to $18.08 and is for claimant's reduced earnings for three certain weeks, viz.: December 21, 1942, to January 4, 1943, and August 2, 1943, to August 9, 1943, during which weeks his actual earnings fell below their $38.08 average as of the time of his accident.   Claimant's actual average weekly earnings computed on monthly or annual basis, covering the weeks awarded for, exceeded his former average, viz.: for December, 1942, they were $43.50; for January, 1943, $48.60, and for August, 1943, $50.63.   For the entire period, December, 1942, to September, 1943, inclusive, his average weekly earnings were $53.37.

Thus the question is whether an award for reduced earnings in a case of permanent partial disability is to be determined as being for any *individual week* when, regardless of cause, actual earnings fall below the weekly average as of the time of injury, or on a basis where the deficiency is to be reflected by actual weekly earnings averaged over monthly or longer periods.

The statute (Workmen's Compensation Law, § 15, subd. 5-a.), provides that: "The wage earning capacity of an injured employee in cases of partial disability shall be determined by his actual earnings," and by paragraph v of subdivision 3 of section 15, that, as the general rule applicable here, the compensation shall be based upon the difference between his average weekly wages (at time of accident) and his wage earning capacity (actual earnings) thereafter.

When the definition of wage earning capacity was, for the purpose used, given as actual earnings (L. 1930, ch. 316, § 2), that meant that the diminished capacity to earn wages was to be measured exclusively by what in fact was earned. (*Matter of Matise* v. *Munro Waterproofing Co.*, 293 N. Y. 496.) But in cases of steady employment where the weekly average on monthly or longer basis exceeds the former earnings, it does not seem just that this measure should be applied arbitrarily to any given week where reduced earnings may occur, and in the absence of some relation shown between the lessened earnings and the disability. Here none appears. Since the minuend, from which the subtrahend of actual earnings is taken to furnish the basis of compensation, is fixed as a weekly average of wages which are computed over varying long periods (Workmen's Compensation Law, § 14), it would seem that the subtrahend should be constituted somewhat likewise over a reasonable period, when there is no relation shown between decrease of actual earnings over short and isolated periods and the condition of partial disability. Otherwise would be to place a premium on a voluntary separation from employment, wholly unrelated to the misfortune for which compensation was designed.

The decision and award should be reversed, with costs.

All concur.

Decision and award reversed, with costs against the Workmen's Compensation Board.