In the Matter of the Claim of PAUL BURLEY, Respondent, against AMERICAN LOCOMOTIVE COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from a decision awarding claimant compensation for temporary partial disability. The employer asserts that the medical evidence does not support a finding of temporary partial disability and claims, in any event, that the board improperly determined the compensation rate. Claimant was employed as an electrician and for three years performed much of his work in the chemical department where he received considerable overtime pay. There he was exposed to nickel fumes and contracted a facial dermatitis; upon the advice of a physician he ceased to work in that department. This physician testified it would be advisable for claimant not to be exposed to nickel dust. There is other evidence in the record which the employer interprets as contrary. However, at most, there is involved a question of fact concerning claimant's ability to work in the chemical department and the issue having been resolved by the board may not be reviewed by us. The board found that his transfer to another department resulted in a loss of earnings and made the award. (Workmen's Compensation Law, §§ 37, 39; *Matter of Cutting* v. *Hewitt Rubber Co.*, 274 App. Div. 1080, affd. 300 N. Y. 598.) During the year prior to his disability, claimant's earnings fluctuated between a low of $32.34 and a high of $192.69 per week. During the

49 weeks covered by the award his earnings again fluctuated from less than $50 to more than $200 per week. It was stipulated that his average weekly wage prior to his disablement was $112.33. The compensation rate which is payable to a claimant who suffers a temporary partial disability is two thirds of the difference between the employee's average weekly wage before the disability and his wage earning capacity afterwards, and it is provided that his wage earning capacity shall be determined by his "actual earnings". (Workmen's Compensation Law, §§ 39, 15, subd. 5.) Because of the great variation in claimant's wages from week to week, the only fair method of determining his "actual earnings" is to select some reasonable period and average his earnings. The award was made for individual weeks during which claimant's earnings fell below his average weekly wage prior to the accident. Such a method does not reflect claimant's true "actual earnings" after his disability under the circumstances here disclosed. (Cf. *Matter of Churchill* v. *Finger Lakes Garages,* 262 App. Div. 410, and *Matter of Bullock* v. *Wickwire Spencer Steel Co.,* 270 App. Div. 68.) Decision and award reversed, with costs to appellant against the Workmen's Compensation Board, and matter remitted to the board for further consideration. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur.