COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the uninsured employer from a decision of the Workmen's Compensation Board awarding benefits to the claimant. The board found that the claimant worked under the direction and control of the appellant and that " On the basis of the credible evidence we find that an employer-employee relationship existed between claimant and Leonard A. Mermelstein on November 18, 1963 ". The appellant-employer's sole contention is that the claimant was not in his employment but rather was a lessee of appellant's truck and an independent contractor. There were five hearings at which voluminous testimony was taken, much of which was far removed from the issue to be determined. The claimant was a truck driver and claims to have been hired and paid by the appellant Mermelstein, who did business as Penn State Produce Company, engaged as truck brokers, which meant " they take on different loads and ship them via different measures ". The board accepted the testimony of the claimant which, with other testimony, showed supervision and control of the appellant-employer over what was apparently the payment due for the last use of the equipment involved at the time of the accident. The testimony, while disputed, demonstrated a relationship between the claimant and the appellant, the issue of which was factual, as was the credibility of the witnesses, and there was substantial evidence to sustain the board's findings. The fact that the record might have contained evidence that someone other than the appellant was the employer or that the claimant was an independent contractor does not prevent the board's present finding based on a choice of conflicting evidence. Decision affirmed, without costs. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur with Herlihy, J.

■ In the Matter of the Claim of ANGE DE PASCALE, Respondent, v. DELCO APPLIANCE DIVISION, GENERAL MOTORS CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal by self-insured employer from a decision awarding benefits on the basis of reduced earnings for disability due to dermatitis, the board finding that claimant became sensitized to potassium dichromate while working for appellant and that his exposure thereto caused the dermatitis condition. Appellant did not controvert the original claim, which was filed in 1960, and does not dispute its responsibility for the basic sensitization at least, but does contend that " claimant had fifteen employments in which he was exposed to agents which would have sensitized or aggravated his dermatitis condition * * * and that if the employer is called upon to pay anything it should not be more than its proportionate share." The board's refusal to apportion liability was grounded on substantial evidence that the employment with appellant was solely causative of the periods of partial disability ensuing thereafter. Appellant's contentions to the contrary are based on testimony elicited on cross-examination of the two attending physicians which was not necessarily contradictory of the theory of sole causation by work at appellant's plant but, in any event, was not specific with reference to any of the other employments or with respect to any of the particular periods of disability, and was predicated on repeated assumptions by counsel of exposures to supposed offending agents of which there was no evidence in the record. Most of the physicians' answers relied upon by appellant were given in response to questions involving generalizations (as to " the overall picture " or as to a particular employment's " playing a part ") so indefinite as to be without probative effect. The solid base of the medical proof was that the sensitization was caused by work for appellant; there was no evidence that any subsequent employment increased it (as in *Matter of Bahry* v. *Nu-Glamore Beauty Salon*, 4 A D 2d 351, mot. for lv. to app. den. 3 N Y 2d 707); or that any specific employment or any specific exposure subsequent to the first employment caused temporary aggravation of the basic allergic condition (as in *Matter of Laine* v. *Sutherland Press,*

12 A D 2d 850); and, indeed, one physician said that the sensitivity originally contracted rendered claimant susceptible to aggravation from all sorts of objects and materials in normal everyday use. There is, in fact, no indication, medically or otherwise, that, once claimant had become sensitized in appellant's employ, the successive periods of disability thereafter would not have occurred in any event, regardless of the particular work activity being engaged in at the time. Upon this record, therefore, sole liability was properly imposed upon appellant. The board's determination of the amounts of claimant's reduced earnings does not rest upon substantial evidence and remittal is necessary for adequate proof of wages earned in the respective periods of employment (there being several, involving different employers) during each of the two award periods, the first of 46 weeks and the second of 54 weeks. From the incomplete record before us, it cannot be determined when claimant worked during the award periods and when he did not or what he may have earned during specific weeks of employment within the award periods. These omissions must be supplied to enable the board to determine claimant's wage earning capacity by correctly computing his actual earnings during the periods of his employment and so that wage earning capacity may be determined in terms of percentages during periods of unemployment. Thus far, wage earning capacity has not been determined according to either method. Apparently the Referee totaled claimant's earnings as reported by his various employers on the so-called W-2 forms which accompanied his income tax returns and divided the total for each year by 52, and took two thirds of the difference between this average weekly wage and the prior average weekly wage earned in appellant's employ as the rate for computation of reduced earnings. This procedure is unauthorized. "For partial disability, whether permanent or temporary, compensation would be two-thirds of the difference between the average weekly wages of the claimant before the accident and *his wage earning capacity thereafter."* (*Mead* v. *Buffalo Gen. Elec. Co.,* 212 App. Div. 191, 192; emphasis as in original.) After further discussion, the court in that case concluded (p. 193): "It was not the legislative purpose that so-called periods of intermittent total disability and partial disability should be intermingled and a general average of weekly earnings covering the entire period should be struck as has been done in this case. There has been an entire departure from the plan of the Statute." (See, also, *Matter of Williams* v. *Telephonics Corp.,* 18 A D 2d 1036.) Respondent board's reliance on *Matter of Burley* v. *American Locomotive Co.* (2 A D 2d 621) as authority to the contrary is misplaced, as in that case there were actual earnings *in every week* of the award period and we held that those earnings might be averaged because of the "unusual circumstances" in that case and when, despite that caveat, *Burley* was shortly invoked in a less compelling situation, we expressly and stringently limited its application to "very unusual circumstances" (*Matter of Liperman* v. *Giller,* 6 A D 2d 732). Appellant asserts, also, that there was legal error in the computation whereby claimant's average weekly wage was established at $125.83 by Referee's decision of May 28, 1965, on the basis of the payroll of a similar worker which the employer itself produced and with respect to which counsel for the employer at the hearing of April 7, 1964, stated that "for 270 days worked, there is a payroll $5889.10." In the application dated June 16, 1965, for review of the Referee's decision of May 28, 1965, establishing the average weekly wage on that basis no objection thereto was interposed (cf. *Matter of Hedlund* v. *United Exposition Decorating Co.,* 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646; *Matter of La Barge* v. *Mercy Gen. Hosp.,* 12 A D 2d 689, 690, mot. for lv. to app. den. 9 N Y 2d 610); and on the subsequent hearing before the board panel reviewing

that decision the employer's counsel participated in a discussion with a panel member as to the finding of an average weekly wage of $125.83, to which he again failed to note any disagreement or objection, if, indeed, he did not tacitly acquiesce. Although we do not accept the issue as properly tendered on this appeal, the board, being possessed of broad and general powers and discretion, is not necessarily foreclosed from examining the question in connection with its reception of additional proof and its determination of earning capacity and redetermination of rate, upon the remittal which we have found necessary in any event. Decision reversed and claim remitted for further proceedings, with costs to appellant against the Workmen's Compensation Board. Herlihy, Reynolds and Staley, Jr., JJ., concur with Gibson, P. J.