■ In the Matter of the Claim of ANTHONY TAROMINO, Respondent, v. GENERAL RAILWAY SIGNAL CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal on a shortened record from a decision of the Workmen's Compensation Board, filed December 18, 1970, which remitted the case to the Referee for an award based on a week-by-week computation rather than average weekly reduced earnings. The sole issue is whether respondent board used the proper method of computing reduced earnings under the particular facts presented. These facts are not in dispute. Claimant was totally disabled from May 21, 1968 to October 21, 1968, for which he was awarded compensation. He returned to work for the same employer on October 21, 1968 and at a hearing on December 9, 1969, the Referee found a 60% permanent partial disability. A weekly average of $181.64 was established for the post-accident period by dividing total earnings by the number of weeks (the Referee excluded one week that claimant did not work). The average weekly wage before the accident was stipulated at $183.20. An award of $93.60 ($1.56 times 60 weeks), made by the Referee, was reversed by respondent board since it found an award should be computed on a week-to-week basis, the usual method of determining actual earnings. The respondent board also determined that the reduction in earnings resulted from claimant's disability arising out of the accident of May 21, 1968. Claimant's weekly earnings, both before and after the accident, fluctuated substantially. For the year preceding the accident his weekly earnings ranged from $72.73 to $331.76. Earnings during the 60-week period covered by the award appealed from ranged from $95.57 to $295.97. The facts presented are strikingly similar to those in *Matter of Burley* v. *American Locomotive Co.* (2 A D 2d 621, on remand 16 A D 2d 1002) which prohibited week-by-week computation under certain "unusual circumstances". These circumstances exist when there is a wide fluctuation in earnings both before and after the onset of disability and such subsequent fluctuations are not caused by the disability but by the nature of the employment. There is no

evidence in the record to support a finding that the fluctuation in wages was due to the disability. Neither party attaches significance to the fact that upon return to work claimant's employment was changed from a melter to a welder, and there is no evidence in the record to show that the job change caused the fluctuation. In order to make an award that would properly reflect claimant's actual earnings, a corrected computation should be made on an average basis. (*Matter of Burley* v. *American Locomotive Co., supra.*) Decision reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.