■ In the Matter of the Claim of DONALD LATTIN, Appellant, v A. C. LAMB & SONS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed February 20, 1974, insofar as it fails to increase the amount of compensation awarded by the referee's decision of August 1, 1973. The sole issue raised on this appeal is the proper computation of benefits awarded claimant for partial disability for the periods from January 16, 1970 to April 6, 1970 and July 12, 1971 to February 3, 1973. Claimant was injured on April 16, 1969. He claims that because his post-injury wages varied from week to week that his actual post-injury wages should be averaged over reasonable periods to determine his decrease of earning capacity. Claimant contends that Matter of Burley v American Locomotive Co. (2 AD2d 621) mandates averaging under the circumstances. We disagree. In Matter of Burley v American Locomotive Co. (supra) the employee's earnings for the year prior to his disability fluctuated between a low of $32.34 and a high of

$192.69 per week and his post-injury wages for a period of 49 weeks covered by the award fluctuated from less than $50 to more than $200 per week, and that under the unusual circumstances "the only fair method of determining his 'actual earnings' is to select some reasonable period and average his earnings." (2 AD2d 621, 622.) In *Matter of Taromino v General Ry. Signal Corp.* (38 AD2d 868), this court approved a computation of reduced earnings based upon average weekly reduced earnings rather than a week-by-week computation under the unusual circumstances. The court said *(id.,* p 868): "Claimant's weekly earnings, both before and after the accident, fluctuated substantially. For the year preceding the accident his weekly earnings ranged from $72.73 to $331.76. Earnings during the 60-week period covered by the award appealed from ranged from $95.57 to $295.97. The facts presented are strikingly similar to those in *Matter of Burley v. American Locomotive Co.* (2 A D 2d 621, on remand 16 A D 2d 1002) which prohibited week-by-week computation under certain 'unusual circumstances'. These circumstances exist when there is a wide fluctuation in earnings both before and after the onset of disability and such subsequent fluctuations are not caused by the disability but by the nature of the employment." There is no evidence in the record to support a finding that there was a wide fluctuation in earnings prior to the onset of disability and there is evidence to support a finding that the earnings after the disability were due to the disability. The "unusual circumstances" which warrant averaging are not established by the record. In *Matter of De Pascale v Delco Appliance Div., Gen. Motors Corp.* (27 AD2d 602, 603) this court pointed out that in *Matter of Burley v American Locomotive Co. (supra)* "there were actual earnings *in every week* of the award period" and "that those earnings might be averaged because of the 'unusual circumstances' ". In this case there are extended periods in which there were no earnings because claimant was unemployed, e.g., in the period from January 16, 1970 to April 6, 1970, there are no earnings in the weeks after February 20, 1970. The benefits payable to claimant should be computed on a week-to-week basis for the two periods appealed from, i.e., January 16, 1970 to April 6, 1970 and July 12, 1971 to February 3, 1973. Decision modified by requiring computation of benefits for the periods from January 16, 1970 to April 6, 1970 and from July 12, 1971 to February 3, 1973 on a week-to-week basis; matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.