In the Matter of the Claim of FRANK DONOVAN, Respondent, v CONSOLIDATED FREIGHTWAYS, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed April 4, 1974. Claimant sustained a back injury on September 30, 1965. He was thereafter paid compensation for periods of total and partial disability. Appellant does not challenge herein the board's awards for reduced earnings due to claimant's total disability and we are of the view such awards should not be disturbed. On this appeal we are concerned with the periods from Februay 11, 1967 to November 11, 1972. The record reveals that during the bulk of that period claimant did his usual work as a truck driver. The record further reveals that subsequent to May 9, 1970 claimant's average earnings were in excess of his former average weekly wage, $254.44. It is also demonstrated by the record that prior to the accident there was a wide fluctuation in claimant's weekly earnings, ranging from $24.56 to $356.92. After the accident there were similar fluctuations in earnings. The sole issue on this appeal is whether the awards for partial disability based on claimant's week-to-week wage loss was in accord with provisions of the Workmen's Compensation Law. It appears from the record that the parties stipulated to awards for certain periods of partial disability based upon the week-to-week method. With respect to the other periods of partial disability, however, the claimant

failed to establish that during any particular week his lost wages were due to his accidental injury. This fact, coupled with the fluctuation in claimant's weekly earnings prior and subsequent to the injury, compels us to conclude that the only fair method of determining claimant's actual earnings during these other periods is to select a reasonable period and average his earnings (Matter of Reukauf v Mobil Oil Corp., 44 AD2d 856; Matter of Burley v American Locomotive Co., 2 AD2d 621). Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board. Koreman, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.