■ In the Matter of the Claim of FRANK DONOVAN, Respondent, v CONSOLIDATED FREIGHTWAYS, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 5, 1979. On a prior appeal from a board decision in this case filed April 4, 1974, this court held that the board had selected the wrong *method* for determining the compensation due to claimant for periods of partial disability causing reduced earnings from February 11, 1967 to November 11, 1972 (*Matter of Donovan v Consolidated Freightways*, 54 AD2d 1022). Upon remittal the board applied the method selected by this court and redetermined the award. The result was a reduction of the prior amount from $8,054.26 to $7,233.27. In the decision appealed from, the board has directed monetary reimbursement to the employer of the overpayment of $820.99 out of "Administrative Expenses", pursuant to section 23 of the Workers' Compensation Law. Upon this appeal the employer contends that the aforesaid section 23 requires repayment to it of the entire prior award of $8,054.26. Section 23 quite simply requires reimbursement, and it is readily apparent that the satisfaction of liability of $7,233.27 plus the repayment of $820.99 equals the sum of $8,054.26 and, therefore, reimbursement is complete as to the amount of the prior award in dispute. The board has fully complied with the aforesaid section 23 and the contention of the employer has no merit. The employer further contended in its application to the board, and again upon this appeal, that in our prior decision we held that subsequent to May 9, 1970 the claimant's earnings exceeded his average weekly wage and, therefore, no award would be made for such period. It is apparent that the employer chooses to take a narrow view of our decision because it was not so held, and in fact the wide fluctuation of wages was pointed out and the remittal was, among other things, for the purpose of selecting a proper period of time for averaging income. Decision affirmed, with costs to the Workers' Compensation Board against the employer. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.